# Leslie H. Ben-Zvi
**Attorney At Law**

*233 Broadway, 18th Floor*
*New York, NY 10279*
*BenZviLaw@aol.com*
*Tel:  (212) 719-5300*
*Fax: (212) 406-2313*

October 21, 2004

Hon. Dora L. Irizarry
United States District Court
225 Cadman Plaza East
Brooklyn, NY 112001

      Re:    Gerstner v Katz et al.
               Docket No. CV 04-4290

Dear Judge Irizarry:

I am the attorney for Plaintiff in the above-referenced matter which was removed to Federal Court from Kings Supreme Court following Defendants' filing of a *Notice of Removal.*

Plaintiff respectfully requests a pre-motion conference at which Plaintiff shall seek permission to file a Motion seeking, *inter alia*, a remand back to Kings Supreme Court, Rule 11 sanctions and attorneys fees:

### Pursuant To 28 USC 1446(c), Defendants Are Time-Barred From Filing The Instant *Notice of Removal*

Pursuant to 28 USC 1446(c), Defendants must seek removal within thirty (30) days of receipt of the "pleading, motion, order or other paper" which put Defendants on notice that the case might be the subject of a *Notice of Removal*.

As Defendants must concede, Defendants and their attorneys **(i)** appeared in Court to argue against Plaintiff's Order To Show Cause on June 16, 2004, **(ii)** were served with the Summons and Complaint on June 18th and 21st, 2004, **(iii)** served and filed the *Affidavit* of Defendant Katz dated June 28, 2004,  **(iv)** served and filed a *Memorandum Of Law* on July 7, 2004,  **(v)** served and filed an *Answer* to the Verified Complaint on July 21, 2004 and **(vi)** fully participated in four (4) court hearings before Hon. Lewis Douglas on July 7, 2004, July 20, 2004, August 3, 2004 and September 7, 2004 before filing the October 4, 2004 *Notice of Removal.*

Annexed hereto are the Affidavits of Service which evidence that Defendants were personally served with the Order To Show Cause containing the Summons and Complaint on June 18th and 21st, 2004.  (Exhibit A) Yet Defendants' *Notice of Removal* was filed 3 ½ months after service of the Order To Show Cause and Summons & Complaint.

Hon. Dora L. Irizarry
October 21, 2004
page 2 of 3

Defendants thereafter served and filed an *Affidavit* of Defendant Katz dated June 28, 2004 which acknowledges notice of a possible trademark issue. (Exhibit B) Yet Defendants' *Notice of Removal* was filed nearly 3 ½ months after service of the Order To Show Cause and Summons & Complaint.

Defendants thereafter served and filed a Memorandum of Law on July 7, 2004 which, by raising the issue of copyright and trademark, clearly indicate that Defendants were on notice that this case might be the subject of a *Notice of Removal*. (Exhibit C) Defendants thereafter waited nearly three months – until October 4, 2004 – before filing a *Notice of Removal.*

Defendants' July 21, 2004 *Answer,* at paragraphs 11 and 57 thereof, expressly indicates that Defendants were on notice that Plaintiff, while not suing in State Court for the infringement of his copyrights or trademark, was, *inter alia*, factually relying upon his copyrights and trademark in support of his other state actions. (Exhibit D)

Notwithstanding each of the above junctures which triggered the thirty day statutory period within which to move for removal, Defendants continued to participate in the state court action by filing documents and appearing at hearings. At none of these junctures did Defendants file a timely *Notice of Removal.*

### Defendants' Blatant Misrepresentation That They Were Not Served With The Complaint

In paragraph 5 of the *Notice of Removal*, Defendants misrepresent to this Court that they were not served with the *Summons & Complaint.* The annexed affidavits of service indicate that Defendants were personally served with the Order To Show Cause and the Summons & Complaint on June 18th and 21st, 2004. Moreover, Defendants fully admit to having been served in paragraph 4 of the *Notice of Removal.* Finally, Defendants served and filed an *Answer* to the *Complaint* on or about July 21, 2004, clearly acknowledging that they received the *Complaint.*

### The State Court Complaint Does Not Raise Any Federal Issues

Plaintiff's *Complaint* states the following causes of action: breach of contract, interference with contractual relations, interference with business opportunity, unfair competition, false labeling, defamation and injunction.

None of these are causes of action for copyright or trademark infringement and therefore belong in state court rather than federal court.

While Plaintiff's causes of action for unfair competition and false labeling may also invoke the Lanham Act, it is respectfully pointed out that under 28 USC 1338 and 15 USC 1121, state and federal courts have concurrent jurisdiction in unfair competition and false labeling cases where the pleaded facts give rise to state claims as well.

Hon. Dora L. Irizarry
October 21, 2004
page 3 of 3

It is well settled that while a state court may not have jurisdiction over cases arising under federal intellectual property laws, it does have jurisdiction to determine *questions* arising under those laws or concerning intellectual property, *i.e.*, *questions* concerning breach of contract, the commission of torts and common law rights to be free of unfair competition.

**Judicial Economy, The Avoidance of Duplication and Prejudice To Plaintiff**
**Warrant That This Matter Continue To Be Adjudicated In State Supreme Court**

This matter almost entirely concerns New York common law claims and only tangentially concerns issues arising under federal copyright and trademark statutes. This matter has already undergone responsive pleading in State Court and has already undergone over 20 hours of hearings before a State Court Judge over the course of 4 days in June, July, August and September of 2004. Three witnesses have already testified. Plaintiff has introduced 15 Trial Exhibits and Defendants have introduced 7 Trial Exhibits. Plaintiff has even presented the Court with a live musical demonstration on an electric piano which was specially brought into Court. Plaintiff's Counsel has already billed Plaintiff for over 53.5 hours of legal services in conjunction with the State Court matter.

Considering the extreme lateness and inappropriateness of Defendants' application, it is extremely prejudicial to Plaintiff to remove this matter to federal court. Plaintiff has expended numerous hours and monies to prosecute this matter with no jurisdictional objection from Defendants until recently – 3 ½ months after service of the Order To Show Cause and Summons & Complaint. For these reasons, this matter should be remanded to State Court.

**Conclusion**

It is respectfully requested that the Court schedule a pre-motion conference at which Plaintiff may seek permission to file a Motion seeking, *inter alia*, a remand back to Kings Supreme Court plus sanctions and attorneys fees against Defendants.

Respectfully,

Leslie Ben-Zvi (LB-8639)

Enclosures
cc:    John S. O'Connor, Esq.
       Eli Gerstner